CHARLES K. LATHAM v. THE BOARD OF ASSESSORS OF THE CITY OF DETROIT.

*Taxes—Banks—Real estate mortgages.*

1. In the case of *Common Council v. Board of Assessors*, 91 Mich. 78, it was held:

    *a*—That it was the duty of the board of assessors, under the tax law of 1891, to assess to savings banks and insurance companies, as real estate, the value of any real-estate mortgages owned by such banks or insurance companies, but to deduct the value of all real-estate mortgages owned by such corporations from the value of their capital stock, as determined for assessment purposes.

    *b*—That it was within the power of the parties to the mortgage to enter into an agreement in the mortgage that the mortgagor should pay the taxes assessed against the property, and that it was not the purpose of the Legislature to limit that power.

2. Under the provisions of the tax law of 1891 for the assessment of mortgage interests in land, the assessing officer has no power to attempt to carry out the contract between the mortgagor and mortgagee as to the payment of taxes by making the entire assessment to the mortgagor, but it is his duty to assess to the owner the value of the real estate, less the amount of the mortgage interest, and to assess to the mortgagee the value of such interest.

*Mandamus.* Argued May 3, 1892. Granted May 6, and opinion filed May 11, 1892.

Relator applied for *mandamus* to compel the assessment

as real estate of the value of all real estate mortgages held by the Central Savings Bank of Detroit, and the deduction of the same from the value of its capital stock, as determined for assessment purposes. The facts are stated in the opinion

*Latham & Rackham*, for relator.

*John J. Speed*, for respondents.

PER CURIAM. The relator is the owner of 75 shares, of the par value of $7,500, of the capital stock of the Central Savings Bank of Detroit. The bank owns real-estate mortgages to the amount of $206,989.56, and real estate to the amount of $1,500. The value of its capital stock, as determined for assessment purposes, is $105,278.21. The relator and the bank have requested the board of assessors to assess to the bank as real estate the value of these real-estate mortgages, as well as the real estate owned by the bank, and to deduct the value of such real estate and real-estate mortgages from the value of the capital stock, as determined by the board of assessors. The board of assessors refused to do this, and have adopted the following resolutions fixing their mode of assessment of real-estate mortgages:

"*Resolved*, by the board of assessors of the city of Detroit, that all mortgages having the tax clause inserted (known as the 'long form'), which are held by banks and insurance companies, and all other persons presenting the same, be stricken from the rolls, the property upon which said mortgages are security remaining at the present assessed valuation; and, further—

"*Resolved*, that the real estate owned in fee by banks and insurance companies, together with all short-form mortgages, or mortgages not having said tax clause inserted, whether in the city or outside, be deducted from the capital stock, surplus, and undivided profits of savings banks, and the assets above liabilities of insurance

companies, as determined by the last report of the Commissioner of Insurance, in conformity with the opinion of City Counsellor Speed, given to the board on March 25, and the subsequent amended opinion of April 6, 1892, advising the board to act in accordance thereto; and, further,

"*Resolved*, that all banks and insurance companies not reporting the short form of mortgages previous to the 12th inst., the remaining mortgages will be assumed to be long-form or tax-clause mortgages, and no notice of the same will be taken, and the full amount of the personal property will remain as assessed."

A *mandamus* is prayed, directed to said board of assessors, commanding them—

"To assess to the Central Savings Bank of Detroit, as real estate, the full value of all its real-estate mortgages, and to deduct the value of all its real-estate mortgages from the value of its capital stock, as determined for assessment purposes, and, if said value of said mortgages and real estate owned by said bank equals or exceeds the said value of the capital stock, then and in that event to place no assessment against said capital stock, or any part thereof, or to the owners thereof on its account."

The facts set up in the petition are not denied by the answer; but the respondents claim that they should not be compelled to deduct from the assessed valuation of the shares of the capital stock anything except the real estate owned by the bank, which is valued at $1,500; that the bank owns mortgages of the value of $168,558.56 on property situated in the city of Detroit, a detailed statement of which has been furnished by the bank to them; that the bank owns mortgages on property situated outside of the limits of the city of Detroit, of the nominal value of $38,431, but they are not informed of the assessed value thereof, if assessed, nor have they been furnished with a detailed statement thereof, nor has any evidence been presented to them, nor have they any information, that the same has been assessed to said bank;

that all the mortgages belonging to the bank, above mentioned, are what is known as "long form" mortgages, and contain the clause usual in such mortgages, whereby the mortgagors agree to pay and indemnify the mortgagees against all taxes, ordinary and extraordinary, assessed on the mortgaged property; that the respondents have construed said clause as a consent that the entire interest in the mortgaged premises may be assessed against the mortgagors, and all the property so mortgaged, situated in the city of Detroit, has been assessed by the respondents to the mortgagors as owners of the entire thereof, and no objection or complaint has been made by the mortgagors of the making of such assessment against them of the entire interest in the property; and that the mortgage interest was not, therefore, assessed to said bank. They admit that they have not deducted any of the above-mentioned mortgages from the value of the bank shares assessed against the shareholders, for the reason that such mortgages are not taxed to the bank.

The writ of *mandamus* must be granted. Section 2 of Act No. 200, Laws of 1891, provides that, for the purpose of taxation, real property shall include all lands within this State, and all buildings and fixtures thereon and appurtenances thereto, except in cases otherwise expressly provided by law; and any real-estate mortgage, deed of trust, contract, or other obligation by which a debt is secured, when land within this State is pledged for the payment and discharge thereof, shall, for the purpose of assessment and taxation, be deemed and treated as an interest in the land so pledged. By the same section, property which is to be treated for purposes of assessment and taxation as personal is also named. Among such property are all shares in corporations organized under the laws of this State, when the property of such corporation is not exempt or is not

taxable to itself; all shares in banks organized under any law of the United States; but, in estimating the value of such shares, deductions shall be made of the value of all real estate taxed to the bank."

In the case of *Common Council v. Board of Assessors,* 91 Mich. 78, it was held by this Court that it was the duty of the board of assessors to assess to savings banks and insurance companies, as real estate, the value of any real-estate mortgages owned by such bank or insurance company, but to deduct the value of all real-estate mortgages owned by any savings bank or insurance company from the value of the capital stock of such bank, as determined for assessment purposes. It was also held by us in that case that it was within the power of the parties to the mortgage to enter into an agreement in the mortgage that the mortgagor should pay the taxes assessed against the property, and that it was not the purpose of the Legislature, by this act, to limit that power. There is nothing in the act which warrants or authorizes the assessing officers to look into these mortgages for the purpose of determining whether the mortgagor and mortgagee have contracted in reference to the taxes upon the property described in and covered by the mortgage. The duty of the assessing officers is plain,— that is, to assess to the owner of the premises the value of the real estate, less the amount of the mortgage interest, and to assess to the mortgagee the value of the mortgage interest; and whatever the contract may be between the parties to the mortgage in reference to the payment of these taxes is no business of the assessing officer. In *Common Council v. Board of Assessors, supra,* there was a plain direction as to the duty of the board of assessors of the city of Detroit, and that was to assess to these savings banks and insurance companies, as real

estate, the value of all these mortgages held by them, and to deduct the value of all real-estate mortgages owned by the banks and insurance companies from the value of the capital stock. In what we said, in reference to the validity of the contract between the parties to the mortgage, it was not intended that the assessing officer should make an examination of mortgages, and attempt to carry out that contract by making the assessment any different upon his roll than in the manner provided by the act itself; which expressly directs that the mortgage interest shall in each instance be assessed to the mortgagee.

The writ of *mandamus* must issue as prayed.

McGrath, J., did not sit.