121    81
126   549

121    81
s79ᴺᵂ 893

NESTER v. CHURCH.

1. TAXATION—SETTING ASIDE SALE—IRREGULARITIES.
   A tax sale will not be set aside, after confirmation, because of
   (1) defects in the assessment roll, (2) the neglect of the col-
   lecting officer to make the tax out of personal property, or
   (3) the disproportion between the value of the land and the
   amount of the tax for which the same was sold; section 70 of
   the tax law forbidding such action except for one of the
   reasons therein specified.

2. SAME—PROOF OF PUBLICATION—SUFFICIENCY.
   Two affidavits of publication of the petition and order in a tax
   proceeding are to be taken as supplementary, and are suffi-
   cient if, when read together, they supply all that the statute
   requires.

Appeal from Houghton; Haire, J., presiding.    Sub-
mitted February 6, 1899.    Decided July 11, 1899.

Petition by George Nester and others against Frank E.
Church and Roscoe D. Dix, auditor general, to set aside a
tax sale.    From an order granting the prayer of the
petition, respondent Church appeals.    Reversed.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for petitioners.

*W. S. Hill* and *Frank E. Robson*, for appellant.

MOORE, J.    The following statement of facts is taken
from the brief of counsel for respondent Church:    August
31, 1894, the auditor general filed the usual petition for
the sale of lands delinquent for taxes for 1892 and previous
years, in the circuit court for Houghton county, in chan-
cery.    On the same day the usual order was made, fixing
the date of hearing November 5, 1894.    This, with the
petition, was duly published in the Portage Lake Mining
Gazette, a newspaper published at Houghton.    Proof of
publication was subsequently filed, and a final decree

made in the statutory form November 22, 1894. The tax sale was commenced December 3, 1894, and concluded December 5, 1894, a report of which by the county treasurer was made and filed with the county clerk December 15, 1894. Among other lands included in these proceedings was the N. ½ of the N. E. ¼ of section 16, township 48 N., range 37 W., situated in the township of Duncan, Houghton county, which had been returned delinquent for the taxes of 1892, and which appeared on the assessment roll assessed to Thomas Nester. At the tax sale held under the proceedings above noted, Frank E. Church, one of the respondents, and the appellant here, became the purchaser of the lands above described, and obtained a deed therefor from the auditor general under date of June 19, 1896. The petitioners, George Nester *et al.*, are the children and widow of Thomas Nester, deceased, and claim title to the land as his heirs. Thomas Nester died intestate at Baraga, Baraga county, April 12, 1890. This estate was probated in Wayne county, George Nester (one of the petitioners) and the late Judge Marston being appointed administrators; and since the death of Judge Marston, in October, 1891, George Nester has continued as administrator. The estate has not yet been closed, and no proceedings touching the death of Thomas Nester or his estate have been had or recorded in Houghton county. The business of Thomas Nester, which was somewhat extensive, has since his death been carried on in the name of the administrator, no division or settlement of the estate having been had.

November 8, 1897, petitioners filed their petition in the original tax proceedings on the part of the State of Michigan; praying, among other things, that the decree therein entered, and the sale to Mr. Church in pursuance thereof, be vacated and set aside, and that the petitioners have leave to file a proposed answer, which was tendered, to the original petition of the auditor general. The alleged defects in the proceedings upon which this application is based may be summarized as (*a*) defects in the assessment

roll; (*b*) that the township treasurer could have collected the tax out of personal property; (*c*) want of evidence of legal designation of the paper in which the notice of hearing should be published; (*d*) defective proof of publication. The auditor general filed an answer to their petition, making, substantially, a general denial of the matters contained in the petition. The respondent Church answered, denying the material charges of the petition so far as it set up matters outside of the records in the tax proceedings, and affirming the validity of the sale and the proceedings founded upon it. The matter was brought on for hearing, and proofs taken in open court. After consideration by the court, an order was made November 9, 1898, setting aside the sale to Mr. Church, opening the decree upon which it was based, and allowing petitioners to file their proposed answer. From this order Mr. Church appeals to this court.

As to the defects in the assessment roll, they were not of such a character as would avail the petitioners in this proceeding, after a decree. Neither can the petitioners take advantage of the fact, if it was a fact, that the township treasurer could have collected the taxes out of personal property within the township. Act No. 206, Pub. Acts 1893, § 70; *Muirhead* v. *Sands*, 111 Mich. 487; *Auditor General* v. *Sparrow*, 116 Mich. 574; *Ball* v. *Ridge Copper Co.*, 118 Mich. 7; *Berkey* v. *Burchard*, 119 Mich. 101; *Hughes* v. *Jordan*, 118 Mich. 27; *Spaulding* v. *O'Connor*, 119 Mich. 45.

Counsel strenuously insist there was no sufficient affidavit of publication to confer jurisdiction upon the court to make the decree. The record discloses that when the decree was made there were two affidavits of publication on file. The first one is as follows:

"STATE OF MICHIGAN, } ss.
  County of Houghton. }

" Brainerd T. Judkins, being duly sworn, deposes and says that he is the printer of the Portage Lake Mining Gazette, a public newspaper printed and circulated in said

county of Houghton, and that the notice of which the annexed is a true copy, taken from the paper in which it was published, was published in said newspaper once in each week for four successive weeks, five publications, commencing on the 4th day of October, A. D. 1894, and ending on the 1st day of November, A. D. 1894, and that he personally knows the facts above set forth.

"BRAINERD T. JUDKINS.

"Subscribed," etc.

This one was filed November 1st. It was thought perhaps this affidavit was defective, and on November 22d there was attached to this affidavit, and filed in court, another, reading as follows:

"STATE OF MICHIGAN, } ss.
County of Houghton. }

"Brainerd T. Judkins, being first duly sworn, deposes and says that he is the publisher of the Portage Lake Mining Gazette, a newspaper published and circulating in said county of Houghton, and the newspaper selected by the auditor general for the publication of the petition of the auditor general of the State of Michigan for the sale of certain lands for taxes assessed thereon, and the order of the circuit judge in the circuit court for the county of Houghton, in chancery, issued thereon. And this deponent further says that a copy of said order and a copy of said petition, in the form hereto annexed, were published in said newspaper, the Portage Lake Mining Gazette, for four successive weeks next prior to the time of hearing thereof; said time being the fifth day of November, A. D. 1894.

"BRAINERD T. JUDKINS.

"Subscribed," etc.

We do not deem it necessary to decide whether one of these affidavits, standing alone, would be sufficient or not. The last one was intended to supplement the first one, and supply any supposed defects. They were both filed in the proceeding before any decree was made, and must be treated, for the purposes of this case, as though they were one paper. When so considered, they supply all the requirements of the statute. *Wynkoop v. Grand Traverse Circuit Judge,* 113 Mich. 381; *Garner v.*

*Wallace,* 118 Mich. 387; *Spaulding* v. *O'Connor,* 119 Mich. 45.

We are asked to set aside this sale because the amount of taxes for which the land was sold was greatly out of proportion to the value of the land. It is said, "It has never been the policy of the State to condemn unheard, or sequester property without an opportunity for defense." We do not think it can be said that the property of the petitioners is sequestered in this proceeding without an opportunity for defense. They knew, as all property owners know, that their property was liable to taxation; and, if they neglected to pay the taxes due thereon, it became the duty of the tax officers to return the land, and have it sold, that the tax might be made, and the State and municipalities furnished with the funds to pay the expenses of government. It is the duty of the property owner to take notice of the various provisions of the law. The petitioners had the same opportunity to prevent a sale of their property for nonpayment of taxes that is open to every property holder. Our attention is not called to any provision of the tax law authorizing the court to set aside a sale because the property is valuable and the amount of the tax is small. It is the duty of the court to decide whether or not the proceedings have been according to the provisions of the law. Where they have been, it is its duty to sustain them, though in a given case injustice may be done. We do not find any defects in the proceeding sufficient to invalidate the deed of the respondent.

The decree of the court below is reversed, and the petition dismissed.

MONTGOMERY, HOOKER, and LONG, JJ., concurred. GRANT, C. J., did not sit.