CHURCH v. NESTER.

<div style="float:right">126    547<br>s85ᴺW1078<br>D189ᵁˢ505<br>D23ˢᶜ 849</div>

1. TAX SALES—NOTICE—DESIGNATION OF NEWSPAPER.

A tax sale is not void because the newspaper in which notice thereof was published was designated by the auditor general for that purpose prior to the filing of his petition for the sale.[1]

2. SAME—PROOF OF PUBLICATION—SUFFICIENCY.

Nor is it void because of the insufficiency of the affidavit of publication of the petition and order on file with the court on the day fixed for the hearing, where another affidavit was filed before decree was entered, and the two, taken together, show a compliance with the statute.

3. SAME—DESIGNATION OF TAXES IN PETITION.

Nor is it void because a portion of the taxes were grouped in the petition under the heading "Other Taxes," without further description.

---

[1] See *Wilkin* v. *Keith*, 121 Mich. 66 (79 N. W. 887).

4. SAME—REPORT OF SALE—PRESUMPTIONS.

> *It seems* that the failure of the county treasurer to make a report of a tax sale to the auditor general, as required by 1 Comp. Laws 1897, § 3893, is a mere irregularity, not invalidating the sale; but, in any event, under section 3922 the presumption is that such report was made, notwithstanding it cannot be found among the files of the auditor's office.

Error to Houghton; Steere, J., presiding. Submitted March 7, 1901. Decided May 7, 1901.

Replevin by Frank E. Church against George Nester and others. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

*Tarsney, Hayes, Lawson & Fitzpatrick*, for appellants.

*Frank E. Robson* and *W. S. Hill,* for appellee.

HOOKER, J. The defendants claim to have inherited certain lands from their ancestor, and to own the same in fee. The plaintiff claims title to the same lands under a tax deed, and replevied from the defendants certain logs cut thereon by them. The circuit judge directed a verdict for the plaintiff for six cents damages, and, judgment being duly entered thereon, the defendants have brought the case here upon writ of error.

The case turns upon the validity or invalidity of the plaintiff's tax title. It is urged that the court of chancery had no jurisdiction to render a decree in the tax proceeding, for the reasons—*First*, that the designation by the auditor general of the newspaper in which the notice of the proceeding was published was prematurely made; and, *second*, that, upon the day named in the order of publication for the appearance of the tax delinquents, no sufficient affidavit of publication had been filed; and, *third*, that in the petition a portion of the taxes were grouped under no definite description, being denominated, "Other Taxes, $4.42."

The case of *Nester* v. *Church*, 121 Mich. 81 (79 N. W. 893 ), arose upon a petition to set aside this tax sale filed by these defendants in the original tax proceedings soon after the tax deed was issued, and the prayer of the petition was denied. Some of the questions raised here were passed upon in that case, and, if not *res adjudicata*, as claimed by the plaintiff ( which we do not decide ), we are satisfied with the disposition of them.

The designation of the newspaper was not premature, and did not invalidate the proceedings.

The two affidavits filed before decree sufficiently complied with the statute, and showed a proper publication of a proper notice, and therefore showed jurisdiction.[1] Had the defendants gone to the clerk's office in response to the published notice, they would have found a pending proceeding instituted to obtain a decree against them for taxes. If they did not choose to appear and contest them, preferring to rely on the absence of proof of publication, or of proper proof thereof, they took the chance of proof being filed later, which they were bound to know might be permitted.

The question raised upon the petition does not go to the jurisdiction of the court. If the alleged defect was one which should have precluded the court from rendering a decree for the $4.42, had the same been brought to his attention, it does not follow that his decree is void. Had the defendants appeared and raised the question, the most that they would have been entitled to would have been a reduction of the amount claimed. They would not have been entitled to a dismissal of the proceeding for want of jurisdiction.

It is also contended that the deed made by the auditor general was unauthorized and void because there is an absence of proof that the treasurer made to the auditor general the report of sale required by the statute. A report was made to the county clerk, and thereupon the sale was confirmed, and the plaintiff became entitled to a

---

[1] Copies of these affidavits will be found on pp. 83, 84, 121 Mich.

deed from the State. If the report was not made, it was an irregularity. But, whether fatal or not, had none been made, the presumption of the law is that there was such report. 1 Comp. Laws 1897, § 3922.

We think that there is evidence of the sale.

The instruction of the learned circuit judge was correct, and his judgment is affirmed.

MONTGOMERY, C. J., and MOORE, J., concurred. LONG and GRANT, JJ., did not sit.