AUDITOR GENERAL *v.* BUCKEYE IRON CO.

TAXATION—BOARD OF REVIEW—RECORD.

> The failure of the board of review to keep a record of its proceedings, as required by section 3856, 1 Comp. Laws, does not render invalid a tax against one who has suffered no injury by reason of such omission. 1 Comp. Laws, § 3922.

Appeal from Marquette; Stone, J. Submitted November 19, 1902. (Docket No. 95.) Decided March 23, 1903.

Petition by Perry F. Powers, auditor general, for the sale of land delinquent for taxes: On objections filed by the Buckeye Iron Company. From a decree for petitioner, defendant appeals. Affirmed.

*Frank A. Bell,* Prosecuting Attorney, for petitioner.

*Clark & Pearl,* for defendant.

MONTGOMERY, J. This case presents the single question whether the failure of the board of review to keep a record of its proceedings, as required by section 3856, 1 Comp. Laws, renders the tax spread upon the roll invalid as against one who has suffered no injury by reason of such omission; his own assessment, when disturbed at all, having been reduced.

We think this question should be answered in the negative, on the authority of section 3922, 1 Comp. Laws, which provides that:

"No tax assessed upon any property, or sale therefor, shall be held invalid by any court of this State on account of any irregularity in any assessment, or on account of any assessment or tax roll not having been made or proceeding had within the time required by law, or on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any other irregularity, informality, or omission, or want of any matter of form

or substance in any proceeding that does not prejudice the property rights of the person whose property is taxed."

The decree is affirmed, with costs.

The other Justices concurred.