TRAVERSE BEACH ASS'N *v.* TOWNSHIP OF ELMWOOD.

TAXATION—RECOVERY OF TAXES PAID—PAYMENT UNDER PROTEST.
Where property was properly assessable in the township, and
the taxpayer did not appear before the board of review to
object to the inequality of the assessment, and paid the tax
without being forced to do so by a levy made or threatened,
or by duress, and without making the written protest, specify-
ing the grounds thereof, authorized to be made by section
3876, 1 Comp. Laws, but merely had entered on the margin
of the tax roll and in the tax receipt the words "Paid un-
der protest," the taxpayer cannot sue the township, and
recover back the tax so paid.

Error to Leelanau; Mayne, J. Submitted November
8, 1905. (Docket No. 100.) Decided November 21, 1905.

Assumpsit by the Traverse Beach Association against
the township of Elmwood for taxes paid under protest.
There was judgment for defendant on a verdict directed
by the court, and plaintiff brings error. Affirmed.

*Dwight D. Root*, for appellant.

*Patchin & Crotser* (*A. F. Bunting*, of counsel), for
appellee.

MOORE, C. J.    This is an action brought by the plain-
tiff for taxes assessed against its property for the year 1902.
The judge directed a verdict in favor of defendant. The
case is brought here by writ of error.

Upon the trial the attorney for the plaintiff made a brief
opening statement, in which he claimed the tax was void
because of inequality of assessment, and that it was paid
under protest. He sought to introduce testimony tending
to show that this property was assessed higher than like
property in the same township was assessed. This was
objected to, because plaintiff made no claim of fraud or

bad faith on the part of the assessing officer, and also because plaintiff did not appear before the board of review, and make complaint of the inequality of assessment. This objection was sustained. Plaintiff put in evidence the record of the board of review, which record did not show that any one appeared before the board on the part of the plaintiff to complain of the assessment; counsel for the plaintiff claiming that it was a presumption of law, when the record was silent, that some one did appear and object.

On the part of the defendant, it was shown by the supervisor that the plaintiff did not appear before the board of review. The record of the board of supervisors was introduced, showing the levy of a bridge tax, which it is now claimed was illegal. No evidence was introduced showing that, for the purpose of collecting the tax, a levy was made or threatened, or that it was paid under duress. The only evidence that it was paid under protest which was offered is an indorsement made on the margin of the tax roll, "Paid under protest," and a statement in the tax receipt, "Paid under protest." No other protest was shown to have been made.

Counsel for appellant says that where an assessment is void there is no necessity for appearing before a board of review before suing to recover the taxes paid; citing *Woodmere Cemetery Ass'n* v. *Township of Springwells,* 130 Mich. 466. An examination of that case will show it a very different one from the case before us. In that case a levy was threatened, and the payment was made under protest, and to prevent a seizure of the property. Upon the hearing before the Supreme Court, no attempt was made to sustain the validity of the tax. The property upon which it was levied was not taxable in the township where the assessment was made. In the case at bar there is no claim, and could be none, that the property was not properly assessable in defendant township. It was not shown upon the trial that the payment of the taxes was involuntary. No such protest in writing as is provided for in section 3876, 1 Comp.

Laws, was shown.   We know of no case where, under the facts disclosed by this record, the plaintiff was allowed to sue the township, and recover for the taxes paid by him.   As to when the taxpayer must appear before the board of review, see *Latham* v. *Board of Assessors of Detroit*, 91 Mich. 509; *Michigan Sav. Bank* v. *City of Detroit*, 107 Mich. 246; *Hinds* v. *Township of Belvidere*, 107 Mich. 667.   As to the effect of making a protest, see *Wattles* v. *City of Lapeer*, 40 Mich. 624; *Louden* v. *City of East Saginaw*, 41 Mich. 18; *Aurora Iron Mining Co.* v. *City of Ironwood*, 119 Mich. 325.

Judgment is affirmed.

MCALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.