### KELSEY *v.* TOWNSHIP OF BURNS.

1. Taxation — Taxes Paid Under Protest — Protest Must be Specific.

   Under 1 Comp. Laws 1915, § 4049, where taxes are paid under protest, in order to be available in an action to recover the tax, the grounds of the protest must be stated specifically.

2. Same — Evidence — Reason Not Assigned in Protest Inadmissible.

   In an action to recover taxes levied for the purpose of

---

On necessity and sufficiency of statement of grounds in notice of protest required as condition of recovering back payments of an unlawful tax, see note in 36 L. R. A. (N. S.) 476.

erecting a town hall and paid under protest, testimony to show that the prime purpose in erecting the building was to furnish a community hall for other purposes than municipal use was properly rejected, where said reason was not assigned in the protest filed with the township treasurer.

3. SAME—TAX PRESUMED VALID—BURDEN OF PROVING INVALIDITY ON PARTY ATTACKING.

In view of the curative section of the tax law (1 Comp. Laws 1915, § 4098), the tax was presumed to be valid, although the affidavit as to the posting of the notices of the special election to vote the tax could not be found; the burden of establishing its invalidity at all times resting on the plaintiff.

4. SAME—NOT INVALID BECAUSE DIVIDED INTO INSTALLMENTS.

Where the tax voted was less than one per cent. of the assessed valuation of the township, and therefore might have been levied in one year, the objection that it is void because divided into three annual payments is without merit.

5. SAME—ORDERS ON TREASURER—VALIDITY.

Orders on the township treasurer to pay the contractor for erecting the hall, executed and negotiated by the township board after the first year's taxes were collected, payable when the future installments of the tax were collected, were not void under 1 Comp. Laws 1915, § 2048, prohibiting the issuance of any warrant until the payment of such money had been properly authorized, since the expenditure of said money had been authorized by vote of the electors.

Error to Shiawassee; Collins (Joseph H.), J. Submitted April 20, 1923. (Docket No. 33.) Decided June 4, 1923. Rehearing denied July 19, 1923.

Assumpsit by Fred E. Kelsey against the township of Burns for taxes paid under protest. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Don W. Van Winkle (Clifton G. Dyer,* of counsel),
for appellant.

*Matthews & Hicks,* for appellee.

FELLOWS, J.    A petition signed by 12 electors of
the township of Burns, Shiawassee county, was pre-
sented to the township board requesting the calling
of a special election for the purpose of voting on the
question of raising by tax the sum of $12,000 for the
erection of a town hall at Byron, a village located
within the township.    The board met June 28, 1919,
and called the election for July 16th following.
The election was held and the proposition was sub-
mitted to the electors of raising this sum by taxation
divided into three equal annual levies in the years
1919, 1920 and 1921.    The proposition received 185
affirmative votes and there were 146 negative votes
cast.    It is conceded that one per cent. of the assessed
valuation of the township was considerably in excess
of $12,000.    The first $4,000 levied in 1919 was paid
without protest by any one.    Plaintiff and other tax-
payers who have assigned their claims to him paid
their tax for 1920 under protest and this action is
brought to recover such tax so paid.    The protest was
in each instance as follows:

"To the Treasurer of the Township of Burns:    You
are hereby notified that I hereby pay that portion of
our township tax assessed for the purpose of building
a town hall, under protest for the following reasons,
to-wit:    That said tax has never been legally voted
and is void; that the election at which said tax was
voted was not held in conformity with law, and is
void and cannot support a tax; that said tax is spread
to repay money illegally borrowed and is void."

On June 4, 1920, the township board entered into
a contract with A. R. Cole, a contractor of Ann Arbor,
for the construction of the building on the "cost plus"

plan. This contract did not contemplate all the furnishings of the building. Prices of building material shortly after the work was begun materially increased, and it became apparent that the building could not be completed for the sum voted. Before that sum had been fully paid out the work ceased, the building having reached a point where it was usable although not finished. It has since been used. Other facts necessary to an understanding of the questions presented will be stated as we proceed.

1. Plaintiff offered testimony tending to show that the prime purpose in erecting the building was to furnish a community hall for other purposes than municipal use. It is his claim that it was designed to be used as a theatre or opera house for public entertainments, dances and similar social activities and that its use for township purposes would be negligible and for this reason the taxpayers could not be called upon to pay for such a structure. The trial judge rejected the testimony because this reason was not assigned in the protest. We agree with the ruling and the reason for it. Under the statute the grounds of the protest must be specific and must be stated in the protest filed. 1 Comp. Laws 1915, § 4049; *Peninsular Iron Co.* v. *Township of Crystal Falls,* 60 Mich. 79; *Aurora Iron Mining Co.* v. *City of Ironwood,* 119 Mich. 325; *Traverse Beach Ass'n* v. *Township of Elwood,* 142 Mich. 78. The protest in the instant case was couched in most general language; it nowhere specifically pointed out such a claim as we are now considering or intimated that any such claim would be made. The claim now being considered is tantamount to this: That the township board and those back of this movement planned and intended to use the money of the public for a private use, *i. e.,* the erection of a theatre building for the benefit of

the residents of Byron.    If such a claim was to be made on the trial there should have been some notice of it found in the protest.

2. When the record of the proceedings of the township board was produced in court it contained the affidavit of F. D. Stowell, who was township clerk at the time the proceedings were taken submitting the question of building a town hall to the electors, showing the posting of the notice of the special election in 14 places in the township.    The affidavit was sworn to on the 8th day of May, 1922, the first day of the trial of the instant case, and it was conceded that the affidavit was not made and did not become a part of the record until that date.    Mr. Stowell was not clerk of the township at the time of the trial, having been succeeded by Mr. Lee.    Both of these men were witnesses on the trial.    Mr. Stowell by his oral testimony confirmed the fact of posting the notices as set forth in his affidavit.    It was his recollection that at the time of the posting he made proof thereof by affidavit but the affidavit could not be found.    After considerable discussion the court permitted an amendment to be made to the township record supplying the proof of posting.    On behalf of plaintiff it is insisted that the levy of the tax was void; that it was not supported by a record at the time it was levied giving jurisdiction to make the levy; that the record could not be later perfected and particularly that it could not be made by Mr. Stowell after he had left the office of township clerk, nor by his successor who had no personal knowledge of the facts taking place before his incumbency of the office.    Considerable discussion is indulged in by counsel for both sides as to the right of a clerk not in office at the time the proceedings were had to complete or amend the record and as to the right of his predecessor so to do.    But we think

it is unnecessary to decide this question. Mr. Stowell testified to posting the notices and gives his recollection that he made affidavit of such posting at the time. But the affidavit could not be found. The burden, however, of establishing the validity of the tax at no time rested on the defendant. The burden of establishing its invalidity at all times rested on the plaintiff. The presumption of its validity continued during the trial. The curative section of the tax law (1 Comp. Laws 1915, § 4098) is too long to here quote but its ample terms make provision for the situation disclosed by this record. This court has applied it in scores of cases, among them see *Auditor General* v. *Buckeye Iron Co.*, 132 Mich. 454; *Church* v. *Nester*, 126 Mich. 547; *Kennedy* v. *Auditor General*, 134 Mich. 534; *Hooker* v. *Bond*, 118 Mich. 255; *Newaygo Portland Cement Co.* v. *Township of Sheridan*, 137 Mich. 475; *Hogelskamp* v. *Weeks*, 37 Mich. 422.

We think this statute is particularly applicable to the facts of the instant case. Here the notices were actually posted in more than the requisite number of places and the affidavit of posting was doubtless made and filed. It could not be found, but another one was prepared and made a part of the record and was supplemented by the oral testimony. To hold the tax invalid upon the ground that no notice of the special election was given, basing such holding on the failure of the record to contain an affidavit of posting although such posting was actually done would be to reach a conclusion inhibited by the plain terms of the statute. The officers making township records are usually unskilled in the law and the records are liable to be imperfect and to contain irregularities which in no way interfere with or prejudice the rights of the taxpayer. The legislature doubtless had this in mind when they enacted this curative statute. It is applicable here. We do not overlook the claim of plaintiff's

counsel that he introduced such testimony as took the question of posting the notices in some of the places named to the jury.    We do not agree with him that the testimony introduced conflicted with that given by Mr. Stowell.    It was largely negative testimony (see *Lambert* v. *Railway Co.,* 209 Mich. 107; *Silsbee* v. *Stockle,* 44 Mich. 561), and may all be true without a single word of Mr. Stowell's testimony being untrue. When Mr. Stowell posted the notices he had complied with the statute and he was not required to stand guard to prevent their being torn or washed down.

3. It is insisted that the tax was void because divided into three annual payments.    The $12,000 voted to build a town hall was less than one per cent. of the assessed valuation of the township.    It might all have been levied in one year.    We fail to perceive that plaintiff was injured by spreading it over three years.

4. When the contract was entered into with Mr. Cole there had been collected only the first year's tax of $4,000.    The township board thereafter executed to Mr. Cole or bearer eight $1,000 orders on the treasurer of the township payable at the dates the future taxes fell due, each bearing interest at 7 per cent.    The record discloses that the township officers negotiated with the bank to take these orders.    Some were taken by the bank and the balance by private parties.    Plaintiff's counsel insists that although the tax was spread for the year 1920 as a tax for town hall it was in reality spread to pay these orders; that these orders were illegally issued and therefore the tax was levied and the money was in fact raised to pay money unlawfully borrowed.    Unless the township had authority to issue these orders this would present the most serious question upon this record. But we are persuaded that the board had power to

issue these orders. By the vote of the electors, the expenditure of $12,000 for a town hall had been authorized. Section 2048, 1 Comp. Laws 1915, in part, provides:

"No board, officer or officers shall create any debt or liability against the township, or issue any warrant, certificate or order for the payment of money, except when the creation of such debt or liability or the payment of such money has been authorized by such vote or by the provisions of law."

The statute is an inhibition on the issuance of orders except under the circumstances therein enumerated. Here the payment of the money had been authorized by a vote of the electors, the building was being erected, the tax had been voted. Unless the township board was authorized to issue the orders to pay for the building in anticipation of the tax, no meaning can be given to the exception and the statute should be read as though it contained no exception whatever. This we may not do. All parts of the statute should be given effect and giving all parts effect results in following defendant's construction of it. The tax of 1920 here under consideration was not collected to pay orders unlawfully issued.

Outside of the first point made by plaintiff we have considered the case on its merits without passing on the contention of defendant's counsel that the protest was too general to admit the claims we have considered. We do not by so doing approve the general language found in the protest as appropriate in all cases.

The judgment will be affirmed.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.