SCHWAN v CITY OF LANSING

1. APPEAL AND ERROR—SUPERINTENDING CONTROL—REMEDIES.

An order of superintending control should not be issued if another plain, speedy and adequate remedy is available to the party seeking the order (GCR 1963, 711.2).

2. TAXATION—ASSESSMENT—PROTEST—BOARD OF REVIEW—REMEDIES—SUPERINTENDING CONTROL.

A trial court improvidently assumed superintending control in a tax assessment matter over proceedings conducted by the Lansing Board of Review where the plaintiffs had available two plain, speedy, and adequate remedies to satisfy their grievances in respect to their tax assessments, either to appeal their assessments to the Michigan State Tax Commission, or to pay their taxes under protest and then file suit in circuit court within 30 days (MCLA 211.53, 211.152).

3. TAXATION—ASSESSMENT—PROTEST—REVIEW—BURDEN OF PROOF.

Taxpayers who have paid their taxes and protested the decision of the Board of Review are entitled to review of their tax assessments by the courts; correction of assessments is the only proper relief provided by statute and the burden of proof is on the taxpayers.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 2 March 8, 1974, at Lansing. (Docket Nos. 16122, 16123.) Decided August 27, 1974.

Complaint by William H. Schwan and others, for themselves and all other taxpayers similarly situated, against the City of Lansing and others for an order of superintending control to compel refund

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts § 117.
Superintending control over inferior tribunals. 112 ALR 1351.
[3] 74 Am Jur 2d, Taxpayers' Actions §§ 44, 65.

of their 1970 taxes, to establish a new Board of Review, and for new assessments for all their properties. Judgment for plaintiffs. Defendants appeal. Reversed and remanded for further proceedings.

*William H. Schwan,* for Class I plaintiffs.

*C. Laverne Roberts,* for plaintiffs Laverne and Bertha Roberts.

*Delmer R. Smith,* for plaintiffs Delmer and Marjorie Smith.

*Charles J. Daudert,* for plaintiff Kassuba Realty Corporation.

*Peter D. Houk,* City Attorney (by *Patrick Kowaleski,* Chief Assistant City Attorney), for defendants City of Lansing, City Assessor, and the members of the Board of Review.

*Michael G. Harrison,* Ingham County Corporation Counsel, for defendant Ingham County.

*MacLean, Seaman, Laing & Guildford,* for defendant Lansing Community College.

*Stuart J. Dunnings, Jr.,* for defendant Board of Education of Lansing School District.

Before: McGREGOR, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. In 1970 the City of Lansing raised its approximately 42,000 real property assessments from approximately 38% to 40% of cash

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

value to 50% of cash value as required by Const 1963, art 9, § 3, and MCLA 211.27; MSA 7.27. This reassessment resulted in appeals being filed as to 2,514 parcels of land to be heard by the five member Board of Review.

Pursuant to ch 9, § 9.9 of the Lansing city charter, the Board of Review commenced hearing these tax appeals on March 16, 1970, and as required by law completed its review by April 6, 1970. Early in the review process it became obvious that in order to dispose of the appeals in the brief time allotted by the city charter and statute the board would have to modify its ordinary hearing procedures. Consequently, the Board of Review first divided itself into one sub-board of three members and another sub-board composed of two members. These sub-boards considered appeals during the first three days of hearings. Subsequently, the board again reorganized itself into three sub-boards, consisting of two sub-boards of two members each and one sub-board composed of one member. Each of these sub-boards heard approximately 60 appeals per day and on Saturday and Sundays the entire board met to review each appeal individually. This procedure by the board continued right up to the time that the board certified the assessment role on April 6, 1970.

On April 23, 1970, plaintiffs William H. and Marie J. Schwan filed a class action in Ingham County circuit court on behalf of themselves and all other taxpayers similarly situated seeking an order of superintending control against the City of Lansing, its tax assessor and the five-member Board of Review. In their complaint plaintiffs alleged that they had protested their 1970 assessment to the Board of Review but that at their hearing only two of the five board members were

present. Plaintiffs complained of this procedure and further alleged that the city had not divulged the information upon which it had relied in making its assessment and had failed to allow the assessor to be cross-examined by the plaintiffs. It was alleged that these circumstances denied the plaintiffs a fair and lawful hearing and constituted denial of due process and equal protection in violation of the United States and Michigan constitutions. Plaintiffs sought a declaration that their taxes and the taxes of others similarly situated were illegal and were to be refunded to all such plaintiffs. Plaintiffs further sought to have a new Board of Review established and to set new assessments for all of plaintiffs' properties. Plaintiffs also sought attorneys' fees.

On August 18, 1970, by order of the trial court plaintiffs amended their complaint to describe the class of complainants as all those persons who appealed their 1970 assessments and were not given a hearing before the full five-man Board of Review. The same order established that the first class of plaintiffs were those who received a hearing before two or fewer board members and were given no relief.

A change of venue to Eaton County was ordered on February 16, 1971. Motions for partial summary judgment and for summary judgment were heard by an Eaton County circuit judge. The issues raised by plaintiffs included those raised in the complaint and additional issues raised for the first time in the motions. The plaintiffs contend that the board acted illegally in sitting on Sunday, contrary to MCLA 600.1425; MSA 27A.1425, that the make-up of the board was improper, and that there were improper assessments of exempt personal property. The motion for summary judgment

filed by defendants raised the issues that plaintiffs were not entitled to superintending control since they failed to appeal the decisions of the Board of Review either to the Michigan State Tax Commission as provided in MCLA 211.152; MSA 7.210 or in the alternative to pay their taxes under protest and then file suit in circuit court within 30 days thereafter as provided in MCLA 211.53; MSA 7.97.

In his opinion the trial judge found that plaintiffs were denied due process where appeals were heard by less than a quorum of the Board of Review, that the decisions of the board rendered on Sunday were voidable, that an appeal to the Tax Commission would not constitute an adequate remedy, that the plaintiffs' alternative remedy of payment of taxes under protest followed by suit in circuit court was substantially complied with by their suit asking for superintending control, that the plaintiffs had the right to examine adverse witnesses before the Board of Review and to full disclosure of the information upon which assessments were made, and that the Board of Review had the burden of proof. The court further declared that the taxes levied and collected under the 1970 assessment were void and determined that all taxes levied and collected under the 1970 assessment and thereafter must be based on the last legal assessment, *i.e.,* 1969. The court also granted plaintiffs a refund of all taxes levied on any increased assessment. The court also indicated that the City of Lansing should create a fund for the purpose of making refunds to plaintiffs and awarded attorneys' fees and costs to be paid out of public funds.

We believe that the controlling issue in this case is whether the trial court properly assumed superintending control over proceedings conducted by the Lansing Board of Review.

GCR 1963, 711.2 provides that an order of superintending control should not be issued if another plain, speedy and adequate remedy is available to the party seeking the order. In the instant case plaintiffs had available to them two plain, speedy and adequate remedies to satisfy whatever grievance they may have had in respect to their 1970 assessment. One such remedy was to appeal their assessment to the Michigan State Tax Commission pursuant to MCLA 211.152; MSA 7.210. The other remedy was to pay their taxes under protest and then file suit in circuit court within 30 days thereafter as provided in MCLA 211.53; MSA 7.97. Consequently, we hold that the trial court improvidently assumed superintending control over the Board of Review proceedings. *Bennett v City of Royal Oak School District,* 10 Mich App 265; 159 NW2d 245 (1968).

When plaintiffs became disenchanted with the treatment afforded them by the Board of Review they by-passed the appeal procedure provided for them in favor of a proceeding in which they sought expanded relief over and above that provided in the alternative appeals. They sought to be relieved of their obligation to pay the 1970 taxes and relief in respect to the taxes for subsequent years. They were rewarded by the trial court for their choice of actions. The issues raised in the complaint for superintending control and the relief granted the plaintiffs went beyond that to which the plaintiffs were entitled. The only proper relief would be correction of the assessments. Had the trial court limited his consideration to this issue and made a determination of each 1970 assessment he would have given the plaintiffs what the statute provided and all they were entitled to.

We recognize that the plaintiffs in their com-

plaint, in the alternative, asked for a new review of their 1970 assessments. We believe that they are entitled to such a review and on oral argument the defendants have suggested that there be a remand for this purpose. We limit the plaintiffs who are entitled to a review to those who have protested their Board of Review results and who have paid their 1970 taxes. In such a hearing it is our view that the taxpayer has the burden of proof. *Kelsey v Burns Township,* 223 Mich 173; 193 NW 822 (1923). It is also our view that costs and attorneys' fees should not be awarded.

Reversed and remanded for further proceedings consistent with this opinion. No costs, a public question being involved.

All concurred.